SNEED J.,
delivered the opinion of the court.
The plaintiffs declared in debt on a single count against the defendant as endorser of two promissory notes. The declaration was filed on the 8th October, 1870, it being the-day of the October Term, 1870, of the Circuit Court of Knox county. On the 10th of the same month the defendant craved oyer of the note sued on by a memorandum written at the foot of the declaration, and signed by his counsel. On the 19th of October thereafter the following order was entered of record on the plaintiffs’ motion:
“Cowan, Me,Clung & Co., v. Joseph A. Mabry.
“ In this cause the defendant having craved oyer of the notes sued on, and the said notes having been produced in court and exhibited to the court, it is upon motion of the plaintiff ordered that the said notes be spread upon the minutes of the court.-”
And this was accordingly done. No other proceedings were had in the cause until the February Term, 1871, of said court, when on the second day of said term, on motion of the plaintiffs, a judgment by default was rendered against the defendant; but, in consequence of some suggestions made to the court by the defendant’s counsel touching the state and condition of the pleadings, the entry of said judgment by default was suspended and was not made on that day. After this, and at the same term, the defendant, with *298 out leave of the court, filed a demurrer to the declaration, assigning as ground of demurrer that the plaintiffs had embraced two causes of action in a single count. The plaintiffs, on being advised of this step, moved the court to strike the demurrer from the files, because it came too late and was filed without leave of the court, and moved also that the judgment by default rendered on the second day of the term be entered of record. The demurrer was therefore stricken from the files; and the court being of opinion that the plaintiffs were entitled to their judgment by default on the second day of the term as rendered, the same was entered accordingly. From this judgment the defendant has appealed in error. We think there was no error in this proceeding. The defendant was required to appear, and plead or demur to the declaration, within the first two days after the first three days of the term, in which latter the declaration is required to be filed, and in this case was filed. If he does not so appear and plead or demur, the plaintiff is entitled to his judgment by default: Code, ss. 2951, 4238, 4239. If the defendant could show good reason for not pleading, he might have done so by affidavit, and the court, in the exercise of a sound discretion, might have set aside the judgment by default, and permitted him to plead: 2 Sneed, 698. But the defendant failed to plead at the first term at all; and at the second term, after judgment by default had been actually rendered, he filed a demurrer without leave of the court. The demurrer was irregular, and was properly stricken from the files. But *299 the defendant insists that he had eraved oyer of the notes sued on, and that oyer had not been granted; and he insists “ earnestly” that in this state of thing, the judgment by default was premature and erroneous. If this was so, the facts should have been shown by affidavit upon an application to set aside the judgment, as the court could not be presumed to know whether the plaintiff had actually exhibited the notes to defendant or not. The record shows, however, that after oyer was craved by the defendant, the plaintiff brought the notes into court and exhibited them to the court, and moved to have them spread upon the minutes of the court, which was done. If the defendant was not present to inspect them, it was not the fault of the plaintiff. If the plaintiff had filed his declaration without profert, it was ’ demurrable; but if profert was made in the declaration, and he failed to produce the notes in court, the defendant could crave oyer, and if the notes are not produced, the defendant must have his demand of oyer entered upon the record, and not until then can he have the judgment of the court, whether he is bound further to plead or not: Anderson v. Allison, 2 Head, 123. His failure to do so must be taken as a waiver of all exception to the plaintiff’s method of granting oyer or as an acquiescence therein. The practice in this State as to the form and manner of craving oyer is not very well defined. As a general thing written forms have been dispensed with, and the common practice is, where the writing has not been filed with the declaration, for the defendant’s counsel to call privately upon the coun *300 sel for the plaintiff and demand an inspection of the writing before pleading. If this is refused, an entry-should be made at once of oyer craved, and then the judgment of the court demanded. At the present day in England oyer is demanded- by a note dn writing addressed to the attorney of the party on the other side, and it is given by providing the party requiring it with a copy of the writing sued on at his expense, showing him the original if desired: Tidd’s Pr., 886; Steph., 93. Thus, it is said, “if oyer be denied when it. ought to be granted, the party making the claim should move the cqurt to have the prayer of oyer entered on the record, which entry is in the nature of a plea, and the plaintiff may coun-terplead the right to oyer or to strike out the rest of the pleading following the oyer and demur, upon which the judgment of the court is either that the defendant have oyer or that be answer without ' it: 1 Saund, 9; Tidd, 583; Bac. Ab. Pleas., 1-12; 1 Ch. PL, 432. The English practice, when oyer is refused, of having the entry made that oyer was craved, is important as subserving the accuracy and certainty of judicial proceedings, and has been sanctioned and adopted in our practice. The defendant in this cause, if dissatisfied with the plaintiffs’ response to his demand of oyer, should have said demand entered of record, and then invoke the judgment of the court whether he should be required further to plead or not. Having failed in this his demand of oyer, if not indeed already satisfied in contemplation of law,' by the production of the notes in court, and the entry thereof upon *301 record, becomes nugatory, and was no legal obstacle to the plaintiff’s right to a judgment by default.
Affirm the judgment.